**Selin Marlon CHAVEZ–AREVALO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–74903.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Jan. 13, 2009.

Gloria Lopez, Law Office of Gloria Lopez, San Francisco, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carl H. McIntyre, Jr., Timothy B. Stanton, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and RYMER, Circuit Judges.

## MEMORANDUM [**]

Selin Marlon Chavez–Arevalo, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his application for asylum and withholding of removal.[1] We have jurisdiction to review the BIA's asylum and withholding decisions under 8 U.S.C. § 1252. We deny the petition.

■ We review for substantial evidence and uphold the denial of relief unless the evidence presented was "so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." *INS v. Elias–Zacarias,* 502 U.S. 478, 484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Although Chavez–Arevalo describes a number of incidents in which he was apparently harassed and robbed, the BIA, adopting the findings of the IJ, reasoned that this conduct amounted only to victimization by criminal gangs. Because Chavez–Arevalo has not offered evidence that would compel a finding that he was more than simply a victim of general civil unrest, we agree that he has not met his burden of persuasion for asylum. *See Santos–Lemus v. Mukasey,* 542 F.3d 738, 746–47 (9th Cir. 2008) (victimization by criminal gang for personal or economic reasons not persecution on account of protected ground).

■ By failing to show his eligibility for asylum, Chavez–Arevalo has also failed to sustain his burden of proof with regard to withholding of removal. *See Mejia–Paiz v. INS,* 111 F.3d 720, 725 (9th Cir.1997).

**PETITION FOR REVIEW DENIED.**

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Chavez–Arevalo did not petition for review of the BIA's denial of his Convention Against Torture claim.

